IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CHISATO JENNIFER MINAMOTO, | ) | CIV. NO. 20-00043 HG-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| THOMAS W. HARKER, Acting | ) | |
| Secretary of the Navy, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER DENYING DEFENDANT THOMAS W. HARKER, ACTING SECRETARY OF THE NAVY'S MOTION TO DISMISS THE THIRD CAUSE OF ACTION (DISABILITY DISCRIMINATION) OF PLAINTIFF'S SECOND AMENDED COMPLAINT (ECF No. 43)**

Plaintiff Chisato Jennifer Minamoto ("Plaintiff") has filed suit for discrimination and harassment she alleges she faced when employed as a Shipfitter at the Pearl Harbor Naval Shipyard.

Plaintiff claims that in July 2017 she was assigned to Shop 11 at the Shipyard where she was allegedly subjected to sexual harassment, a hostile work environment, and inappropriate sexual contact by her male co-workers. The Second Amended Complaint asserts that Plaintiff complained of the harassment and unsafe working conditions to her supervisors and the Equal Employment Opportunity Office until she was reassigned to a different work environment.

The Second Amended Complaint states that in December 2018, Plaintiff's supervisors informed her that she was required to return to work at Shop 11. Plaintiff alleges that she provided

her employer with a doctor's note explaining that she was undergoing psychological counseling due to workplace harassment which caused her to develop a disability preventing her from returning to Shop 11.

Plaintiff claims that in May 2019, she was terminated for work absences regarding her mental health treatment.  The Second Amended Complaint asserts that the termination was a pretext for discrimination and was in retaliation for her complaints of discrimination and unsafe conditions.  Plaintiff alleges that her employer was aware that she was under a doctor's care for her mental disability that prevented her from returning to work at Shop 11.

 The Second Amended Complaint asserts that a few days after her termination, Plaintiff again contacted the Equal Employment Opportunity Office at Pearl Harbor.  Plaintiff claims that she filed a Formal Complaint against the Navy, complied with all of the administrative prerequisites prior to filing suit, and was issued a Right To Sue letter.

Plaintiff filed a Second Amended Complaint in this Court alleging five counts:

Count I: Hostile Work Environment based on Sexual Harassment in violation of Title VII of the Civil Rights Act of 1964;

Count II: Discrimination based on Sex/Gender in violation of Title VII of the Civil Rights Act of 1964;

Count III: Discrimination Based on Mental Disability, Failure to Accommodate, and Failure to Engage in the Interactive Process in violation of the Americans

With Disabilities Act of 1990 and Hawaii state
law;

Count IV: Retaliation for complaining about unsafe
conditions and unlawful discrimination in
violation of Title VII of the Civil Rights Act of
1964;

Count V: Unlawful Termination in Violation of the Family
Medical Leave Act.

Defendant Thomas W. Harker, Acting Secretary of the Navy
("Defendant Navy") filed a Motion to Dismiss Count III in the
Second Amended Complaint.  Defendant Navy argues that the Court
lacks subject-matter jurisdiction over Plaintiff's disability
discrimination claim.  Defendant asserts Plaintiff failed to
exhaust her administrative remedies for her disability
discrimination claim before filing suit.  Defendant seeks
dismissal of that claim pursuant to Fed. R. Civ. P. 12(b)(1).

The Court has subject-matter jurisdiction over the case
pursuant to federal question jurisdiction.  Plaintiff's claims
arise pursuant to federal law, specifically Title VII of the
Civil Rights Act of 1964 and the Family Medical Leave Act.

Exhaustion of administrative remedies for purposes of
bringing employment discrimination claims is mandatory, but not
jurisdictional, even when brought against the federal government
by federal employees.  Exhaustion of administrative remedies for
such claims is not subject to Federal Rule of Civil Procedure
12(b)(1).

Plaintiff pled that she exhausted her administrative
remedies.  To the extent Defendant seeks to challenge Plaintiff's

pleading by relying on extrinsic evidence, there are questions of
fact as to the exhaustion of Plaintiff's disability
discrimination claim.

Defendant Thomas W. Harker, Acting Secretary of the Navy's
Motion to Dismiss The Third Cause of Action (Disability
Discrimination) Of Plaintiff's Second Amended Complaint (ECF No.
43) is **DENIED.**

Plaintiff is granted leave to amend Count III, her
disability discrimination claim, because Section 501 of the
Rehabilitation Act is the exclusive remedy for disability
discrimination claims against federal government employers.
Title I of the Americans With Disabilities Act of 1990 does not
apply to federal government employers.

## PROCEDURAL HISTORY

On January 31, 2020, Plaintiff filed a Complaint.  (ECF No.
1).

On October 19, 2020, Plaintiff filed a FIRST AMENDED
COMPLAINT.  (ECF No. 17).

On November 13, 2020, the Government filed a Motion to
Dismiss or in the alternative for Summary Judgment.  (ECF No.
18).

On November 26, 2020, Plaintiff filed a Second Amended
Complaint.  (ECF No. 26).

On December 1, 2020, Plaintiff filed an Opposition.  (ECF

No. 27).

On December 2, 2020, Plaintiff filed a Motion to Continue. (ECF No. 29).

On the same date, the Court issued a Minute Order striking the Government's Motion to Dismiss, the Second Amended Complaint, the Opposition to the Government's Motion, and the Motion to Continue.  (ECF No. 30).  The Court ordered the Parties to meet and confer and instructed that if the Parties agree to dismiss the causes of action the Government seeks to dismiss then Plaintiff could file a Second Amended Complaint, but if the Parties could not agree then the Government should file a Motion to Dismiss only as to the claims they do not agree upon.  (Id.)

On January 28, 2021, the Parties filed a Joint Stipulation to allow Plaintiff to file her Second Amended Complaint.  (ECF No. 35).

On February 1, 2021, the Government filed a Motion to Dismiss the Second Amended Complaint or in the alternative a Motion for Summary Judgment.  (ECF No. 36).

On February 2, 2021, the Court issued a Minute Order striking the Government's Motion to Dismiss or in the alternative for Summary Judgment as it failed to comply with the Court's December 2, 2020 Minute Order.  (ECF No. 41).  The Court granted Plaintiff leave to file a Second Amended Complaint.  (Id.)

On February 11, 2021, Plaintiff filed her SECOND AMENDED COMPLAINT.  (ECF No. 42).

On March 8, 2021, the Government filed DEFENDANT THOMAS W.
HARKER, ACTING SECRETARY OF THE NAVY'S MOTION TO DISMISS THE
THIRD CAUSE OF ACTION (DISABILITY DISCRIMINATION) OF PLAINTIFF'S
SECOND AMENDED COMPLAINT.  (ECF No. 43).

On March 26, 2021, Plaintiff filed her Opposition.  (ECF No.
45).

On April 13, 2021, the Government filed its Reply.  (ECF No.
47).

On April 21, 2021, the Court held a hearing on Defendant's
Motion to Dismiss the Third Cause of Action.

## BACKGROUND

**According to the Second Amended Complaint:**

Plaintiff Chisato Jennifer Minamoto is female.  (Second
Amended Complaint ("SAC") at ¶ 1, ECF No. 42).  On July 10, 2017,
Plaintiff began her employment with the United States Department
of Navy as a Shipfitter "Apprentice WT 00 03," at the Pearl
Harbor Naval Shipyard & Intermediate Maintenance Facility.  (Id.
at ¶ 4).  The Navy assigned Plaintiff to work at "Shop 11" where
she worked in and around submarines with power tools and
protective gear that was "physically demanding" and "in a very
dangerous work environment."  (Id.)

Plaintiff claims that Shop 11 is a "male dominated
environment."  (Id. at ¶ 5).  She asserts that managers and work
leaders use homophobic slurs with male apprentices and neglect

their duty to ensure a safe working environment.  (Id.)

Plaintiff asserts that she was subjected to several incidents of sexual harassment and unsafe working conditions. (Id. at ¶ 7).  She claims that she reported each incident through her chain of command, but her complaints were "dismissed, minimized and ignored by her supervisors and managers." (Id.) Plaintiff alleges that she reported the incidents to "at least eight different managers over an eight-month period, and nothing was done to resolve the harassment and [she] became more and more concerned that her work environment was not safe."  (Id.)

Plaintiff asserts several incidents of sexual harassment, including:

(1)  On December 22, 2017, a male co-worker touched her buttocks at a work party.  (Id. at ¶ 8).  She claims that he also forcefully hugged her from behind and pressed his groin against her buttocks.  (Id.)

(2)  In early February 2018, a male co-worker massaged Plaintiff's bare back under her shirt but over her bra. (Id. at ¶ 9).  She claims she was shocked, froze, and then got up and moved away from him, but he followed her and started massaging her again and stated that she "should have her boyfriend massage her."  (Id.)

(3)  In early June 2018, a male co-worker told Plaintiff "she needed to keep her tank suit zipped up because another male co-worker had described to him, in graphic detail, what [Plaintiff] might look like naked."  (Id. at ¶ 11).

Plaintiff also alleges that many other women experienced incidents of sexual harassment in Shop 11.  (Id. at ¶¶ 6, 10).

Plaintiff alleges that she reported the incidents to three additional supervisors, stating "she did not feel safe at work as

every one of the sexual assaults happened unannounced from behind, and therefore, she did not know how she was supposed to prevent it or dodge it." (Id. at ¶ 12).  Plaintiff requested to be removed from Shop 11 and assigned to another location.  (Id.)

On August 13, 2018, Plaintiff reported unsafe working conditions and sexual harassment at a meeting with Pearl Harbor Shipyard managers.  (Id. at ¶ 17).  The following day she was removed from Shop 11 and placed in a clerical position for one month.  (Id. at ¶ 18).  Plaintiff was then placed in the Calibrations department on September 17, 2018, where she felt safer.  (Id. at ¶ 20).

On October 29, 2018, she was told by three managers that she could not stay working in Calibrations.  (Id. at ¶ 21).  She was told she must choose between five new job choices, one of which was a lower pay grade position, or return to Shop 11.  (Id.) Plaintiff reiterated her sexual harassment claims to management and requested an investigation into her complaints about conditions in Shop 11.  (Id. at ¶¶ 21-22).

Plaintiff claims that a work leader called her on November 14, 2018, and said, "I am going to use that information to blackmail you so you will have to sleep with me." (Id. at ¶ 23).

A meeting was held concerning her employment options on December 4, 2018.  (Id. at ¶ 24).  On December 6, 2018, Plaintiff received written notice that she was required to return to work at Shop 11 by her employer.  (Id.)  Plaintiff states that she

"became distraught, anxious, depressed and worried....to the point where she was disabled."  (Id. at ¶ 25).

On December 11, 2018, Plaintiff provided a written letter to the Navy from J. Gregory Turnbull, Psy.D., advising her employer that Plaintiff was under his care and undergoing psychological counseling due to a number of related workplace incidents at Shop 11.  (Id. at ¶ 26).  Plaintiff claims that Dr. Turnbull's letter stated that Plaintiff was disabled and could not return to Shop 11 and that he would provide updates on her ability to return. (Id.)

Plaintiff states that Dr. Turnbull continued to update Defendant on her disability status, and on December 21, 2018, informed Defendant that Plaintiff was suffering from acute anxiety disorder relating to the harassment she suffered in Shop 11.  (Id. at ¶¶ 27-28).

On January 10, 2019, Plaintiff's supervisor Kanoa Andrade sent her an e-mail stating that her doctor's note was insufficient.  (Id. at ¶ 29).

Defendant terminated Plaintiff's employment on May 19, 2019. (Id. at ¶ 30; Notice of Termination, dated May 15, 2019, attached as Exhibit A to Gov't Motion, ECF No. 43-4).

Plaintiff claims that she was terminated for absence from work but the "reason for the termination was a pretext" because "Defendant knew very well that [Plaintiff] was under a doctor's care, had suffered a mental disability and was prevented from

returning to work because she had been transferred back to Shop 11, against her doctor's restrictions."  (SAC at ¶ 30, ECF No. 42).

**PLAINTIFF'S ADMINISTRATIVE CHARGE OF DISCRIMINATION**

**According to the Second Amended Complaint:**

On August 17, 2018, Plaintiff first contacted the Pearl Harbor Equal Employment Opportunity ("EEO") Office to complain of discrimination.  (Id. at ¶ 35).

On November 1, 2018, Plaintiff filed a Formal Complaint of Discrimination with the EEO Office. (Formal Complaint of Discrimination, signed on November 1, 2018, attached as Ex. B to Gov't Motion, ECF No. 43-5).

Following her termination on May 19, 2019, Plaintiff states she updated the EEO investigator about her termination and the EEO investigator issued a Notice of Amendment of Complaint.  (SAC at ¶ 32, ECF No. 42).  Plaintiff states that the investigator was required to review her claims of discrimination and the purported basis that Defendant terminated her, despite Plaintiff providing doctor's notes to her employer documenting her disability.  (Id.)

According to Plaintiff, on November 10, 2019, the Pearl Harbor EEO Office completed its investigation and issued Plaintiff a Right to Sue Letter.  (Id. at ¶ 35).  Plaintiff asserts that she "timely complied with all of the administrative prerequisites to filing this suit."  (Id.)

## STANDARDS OF REVIEW

The requirements for exhaustion of administrative remedies in employment discrimination cases are "mandatory" and nonjurisdictional. <u>Fort Bend Cty., Texas v. Davis</u>, 139 S.Ct. 1843, 1852 (2019). Exhaustion of administrative remedies is subject to dismissal for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), not for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). <u>Id.</u>; <u>Daniels v. Donahoe</u>, 901 F.Supp.2d 1238, 1245 (D. Haw. 2012).

A court must dismiss a claim as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted." When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. <u>Pareto v. F.D.I.C.</u>, 139 F.3d 696, 699 (9th Cir. 1998). Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. <u>Id.</u> The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001).

## ANALYSIS

I.   **Disability Discrimination Claims Against A Federal Government Employer**

As an initial matter, Plaintiff's Second Amended Complaint alleges disability discrimination pursuant to the "ADA" and Hawaii state law.

The federal government is not an employer subject to liability pursuant to Title I of the Americans With Disabilities Act of 1990.  42 U.S.C. § 12111(5)(B)(i) specifically provides that the term "employer" does not include the "United States". Zimmerman v. Oregon Dep't of Justice, 170 F.3d 1169, 1172 (9th Cir. 1999) (recognizing that Congress exempted federal government employers from liability pursuant to Title I of the ADA); Soto v. Nielsen, 2019 WL 360773, *2 (D. Mont. Jan. 29, 2019).

Defendant Thomas W. Harker, Acting Secretary of the Navy, is the named Defendant in this case.  The Navy is not subject to Title I of the ADA as it is excluded from the definition of employer.  Davis v. Johnson, 2007 WL 1430089, *9 (E.D. Cal. May 14, 2007) (finding that the Government correctly notes that the Navy employer is not subject to ADA disability discrimination causes of action).

The Ninth Circuit Court of Appeals has ruled that Section 501 of the Rehabilitation Act, 29 U.S.C. § 791, provides the exclusive remedy for federal employees claiming discrimination based on disability.  Boyd v. U.S. Postal Serv., 752 F.2d 410,

413 (9th Cir. 1985).

Plaintiff is granted leave to amend Count III to assert her claim pursuant to Section 501 of the Rehabilitation Act.

## II.  Exhaustion Of Administrative Remedies Is Mandatory But Not Jurisdictional

Defendant filed a Motion to Dismiss Count III for disability discrimination.  Defendant seeks dismissal of Plaintiff's disability discrimination claim for failure to exhaust her administrative remedies before filing suit on that claim.[1]

### A.    Federal Employees Are Required To Exhaust Employment Discrimination Claims Before Filing Suit

To bring an employment discrimination claim under Title VII or the Rehabilitation Act, a federal employee must timely exhaust her administrative remedies.  Leong v. Potter, 347 F.3d 1117, 1121 (9th Cir. 2003); Boyd, 752 F.2d at 414.

The Rehabilitation Act incorporates the rights, remedies, and procedures of Title VII claims, set forth in 42 U.S.C. § 2000e-16, in regards to claims of discrimination on the basis of a disability, and generally provides the exclusive remedy for

---

[1] Defendant's Motion further states, "Defendant also requests that this Court dismiss the remaining Causes of Action because Plaintiff has failed to state the legal bases for these Causes of Action and has failed to state a claim upon which relief can be granted."  (Def.'s Motion to Dismiss at p. 2, ECF No. 43).  Defendant appears to seek to dismiss the entire suit but there is nothing in the Motion or accompanying Memorandum to support such a request.  The Court does not consider the unsupported argument.

disability-based discrimination in federal employment.  29 U.S.C. § 794a(a)(1); see Graves v. Clinton, 2011 WL 5024500, *8 (E.D. Cal. Oct. 20, 2011).

To exhaust a discrimination claim, the employee must engage in "pre-complaint processing" by contacting the relevant Equal Employment Opportunity ("EEO") Office within 45 days of the alleged discrimination.  29 C.F.R. § 1614.105(a)(1).  The agency then investigates, and the claimant may later file a Formal EEO Complaint.  Id. at §§ 1614.105(c),(d).  If the matter is not resolved after the agency issues its final decision, the employee may either (1) file directly in federal court within 90 days, id. § 1614.407(a), or (2) appeal to the Equal Employment Opportunity Commission ("EEOC") within 30 days, id. §§ 1614.401(a), 402(a).

### B.    Exhaustion Of Employment Discrimination Claims Against A Federal Employer Is Mandatory But Not Jurisdictional

In 2001, the Ninth Circuit Court of Appeals ruled that the administrative exhaustion requirement for federal employees was "jurisdictional" and determined that a federal district court only has subject matter jurisdiction where there was "substantial compliance" with the administrative complaint process by the employee.  Sommatino v. United States, 255 F.3d 704, 708 (9th Cir. 2001).

In 2019, in Fort Bend Cty., Texas v. Davis, 139 S.Ct. 1843, 1846 (2019), the United States Supreme Court abrogated the Ninth Circuit Court of Appeals' precedent.  In Fort Bend Cty., the

14

United States Supreme Court considered the question of whether administrative exhaustion requirements for employment discrimination claims are jurisdictional prerequisites or whether they are instead mandatory procedural requirements.  The United States Supreme Court held that such administrative exhaustion requirements are not jurisdictional.  Id. at 1850.  The Court explained that the exhaustion requirements are mandatory procedural obligations that are claim-processing rules.  Id. at 1851.

The Government argues that Fort Bend should not be extended to claims involving federal employees because of the United States' sovereign immunity.  This argument has been directly rejected by numerous district courts who have been confronted with this issue.  Stanley v. Saul, 2020 WL 6140552, *2 n.3 (W.D. Mo. Oct. 19, 2020); Young v. Dep't of Treasury, 2020 WL 3980796, *6 (W.D. Tenn. Apr. 9, 2020).

In Williams v. Wolf, 2019 WL 6311381, *6 (N.D. Cal. Nov. 25, 2019), a Northern District of California Court held that the administrative complaint requirement for discrimination claims by federal employees is not jurisdictional.  The Court ruled that the Ninth Circuit Court of Appeals holding in Sommatino "is no longer good law in light of Fort Bend."  Id.

This Court agrees with the reasoning in Williams v. Wolf. The federal courts have subject-matter jurisdiction over employment discrimination claims brought pursuant to Title VII of

15

the Civil Rights Act of 1964 or the Rehabilitation Act.  Fed. R. Civ. P. 12(b)(1) is irrelevant to administrative exhaustion of employment discrimination claims in light of the ruling in Fort Bend.  Id.; Jass v. CherryRoad Techs., Inc., 449 F.Supp.3d 923, 932 n.4 (D. Haw. 2020).

The United States Supreme Court's decision in Fort Bend Cty., Texas, 139 S.Ct. at 1846, abrogates the Ninth Circuit Court of Appeals' decisions which have ruled that administrative exhaustion is jurisdictional.

## III. The District Court Is Limited In A Review Pursuant To Fed. R. Civ. P. 12(b)(6)

The standard by which a defendant may seek dismissal for failure to exhaust administrative remedies for employment discrimination claims is limited to Fed. R. Civ. P. 12(b)(6). Fort Bend Cty., Texas, 139 F.3d at 1850-51; Jass, 449 F.Supp.3d at 932 n.4; Vasquez v. Kiewit Infrastructure West, Co., 2020 WL 2842671, *4 (D. Haw. June 1, 2020) (construing a 12(b)(1) motion for failure to exhaust made pursuant to 12(b)(6) following the decision in Fort Bend).

When the Court does a review pursuant to Fed. R. Civ. P. 12(b)(6), the Court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Here, Plaintiff has sufficiently pled that she has complied with the mandatory filing prerequisites for filing suit. Plaintiff alleges that all of the administrative prerequisites have been fulfilled.  (Second Amended Complaint at ¶ 35, ECF No. 42).

Defendant requests that the Court look beyond the allegations in the Second Amended Complaint to dismiss Count III.

In ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court is generally limited to the four-corners of the complaint and may not consider facts presented in extrinsic evidence.  <u>Butler v. Los Angeles Cty.</u>, 617 F.Supp.2d 994, 999 (C.D. Cal. 2008).

The Court may, however, consider material which is properly submitted as part of the complaint, documents which are uncontested and are incorporated by reference in the complaint, and documents subject to judicial notice as matters of public record.  <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688 (9th Cir. 2001).

In support of its Motion, Defendant attached:

Exhibit A:     Plaintiff's Notice of Termination, dated May 15, 2019 (ECF No. 43-4);

Exhibit B:     Plaintiff's Formal Complaint of Discrimination, dated November 1, 2018 (ECF No. 43-5);

Exhibit C:     Correspondence from the Department of Navy to Benjamin Toyama, dated November 29, 2018 (ECF No. 43-6);

Exhibit D:     Correspondence from the Department of Navy to

Mr. Toyama dated December 19, 2018 (ECF No. 43-7);

Exhibit E:      Correspondence from the Department of Navy to Mr. Toyama dated January 17, 2019 (ECF No. 43-8); and,

Exhibit F:      Correspondence from the Department of Navy to Dennis Vanderpool dated May 23, 2019 (ECF No. 43-9).

In support of her Opposition, Plaintiff attached:

Exhibit 1:      Portion of the EEO Report of Investigation dated November 8, 2019 (ECF No. 45-1 at pp. 4-16).

Exhibits A and B are incorporated by reference in the Second Amended Complaint.  (SAC at ¶¶ 30-31, 35, ECF No. 42).  The remaining documents, however, constitute extrinsic evidence.  The extrinsic evidence raises questions of fact that are beyond the scope of the Court's limited inquiry pursuant to Fed. R. Civ. P. 12(b)(6).

## IV.  **Questions Of Fact Remain As To Exhaustion**

The Ninth Circuit Court of Appeals has explained that a detailed factual inquiry may be required when evaluating whether a plaintiff has exhausted her administrative remedies for her employment discrimination claims.  The Ninth Circuit Court of Appeals has adopted an expansive policy that allows for a finding of exhaustion as to "all allegations of discrimination that either fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination."  B.K.B. v. Maui Police

18

Dep't, 276 F.3d 1091, 1100-01 (9th Cir. 2002), abrogated, in part, by Fort Bend Cty., Texas, 139 S.Ct. at 1852 (internal quotations and original emphasis omitted).

The Ninth Circuit Court of Appeals explained in B.K.B. that even if the charge of discrimination itself is deficient, the court may look to outside evidence to determine if the agency itself was negligent for failing to include information as part of the charge.  Id. at 1101-03.  The inquiry is broad in scope and requires a determination of: (1) whether the agency actually did investigate the type of claim that is deficient on the face of the charge of discrimination; or (2) whether the agency should have investigated the type of claim that is deficient in the charge of discrimination.  Id.; see Maybin v. Hilton Grand Vacations Co., LLC, Civ. No. 17-00489 DKW-KSC, 2018 WL 2944149, *6 (D. Haw. June 12, 2018).

Plaintiff has submitted a document related to the EEO investigation of her discrimination claim.  The document raises questions surrounding the EEOC's investigation, the notice provided to the EEO as to Plaintiff's disability and treatment by a doctor regarding her mental health as it relates to her termination, and the scope of the EEO inquiry.  The Court is unable to conduct a factual inquiry pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff pled that she complied with the administrative exhaustion requirements before filing suit.

The inquiry about administrative exhaustion requires a

detailed examination of fact and such an inquiry is not suitable for review in a 12(b)(6) motion.  Here, there appear to be disputes and questions of fact as to the scope of the EEO's investigation.  See Vergara v. Skyline ULTD Inc., Civ. No. 19-00564 SOM-RT, 2019 WL 6702544, *5 (D. Haw. Dec. 9, 2019).

## CONCLUSION

Defendant Thomas W. Harker, Acting Secretary of the Navy's Motion to Dismiss The Third Cause of Action (Disability Discrimination) of Plaintiff's Second Amended Complaint (ECF No. 43) is **DENIED.**

Plaintiff is **GRANTED LEAVE TO AMEND** Count III to assert a claim for disability discrimination pursuant to Section 501 of the Rehabilitation Act.

Plaintiff may file the Third Amended Complaint on or before Friday, May 28, 2021.  The Third Amended Complaint must conform to the rulings contained in this Order.  Plaintiff's Third Amended Complaint may only be amended as to Count III as set forth in this Order.  Plaintiff may not allege any new causes of action.  Failure to file the Third Amended Complaint on or before Friday, May 28, 2021, will result in automatic dismissal with prejudice of the third cause of action (disability discrimination).

//

//

IT IS SO ORDERED.

DATED: April 26, 2021, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Chisato Jennifer Minamoto v. Thomas W. Harker, Acting Secretary
of the Navy, Civ. No. 20-00043 HG-KJM; **ORDER DENYING DEFENDANT
THOMAS W. HARKER, ACTING SECRETARY OF THE NAVY'S MOTION TO
DISMISS THE THIRD CAUSE OF ACTION (DISABILITY DISCRIMINATION) OF
PLAINTIFF'S SECOND AMENDED COMPLAINT (ECF No. 43)**